UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOUGLAS E. BORDELON | CIVIL ACTION |
| VERSUS | NO. 26-1474 |
| ST. CHARLES PARISH DEPARTMENT OF PLANNING AND ZONING | SECTION R (4) |

**ORDER AND REASONS**

Before the Court is defendant St. Charles Parish Department of Planning and Zoning's unopposed motion to dismiss plaintiff Douglas E. Bordelon's complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).[1] For the following reasons, the Court grants defendant's motion.

## I. BACKGROUND

This case arises out of the disputed execution of a state court judgment. On April 19, 2023, the St. Charles Parish Department of Planning and Zoning ("the Parish") brought a nuisance claim against Bordelon in the 29th Judicial District Court in the Parish of St. Charles.[2] The Parish alleged that Bordelon kept several abandoned vehicles as well as trash and debris on his property

1 R. Doc. 3.
2 R. Doc. 3-2 at 3.

in violation of Parish ordinances.[3] Bordelon moved to dismiss.[4] On September 29, 2023, the state court denied Bordelon's motion to dismiss and granted judgment in favor of the Parish.[5] The judgment ordered Bordelon to remove the violating items from his property.[6] It also provided that, if Bordelon failed to do so within thirty days, the Parish was authorized to enter the property and remove the items.[7] Bordelon appealed to the Louisiana 5th Circuit Court of Appeal, which affirmed the trial court's judgment.[8]

On January 28, 2026, the Parish seized several items on Bordelon's property pursuant to the state court judgment.[9] Bordelon alleges that several of the seized items were not included in the state court judgment or were protected by a prior judgment.[10] He also states that he was not able to retrieve the items and that their removal has seriously limited his ability to conduct business on his property.[11] Accordingly, on July 7, 2026, Bordelon filed suit in this Court against the Parish, claiming violations of the Fifth,

---

3 *Id.*
4 R. Doc. 3-3 at 1.
5 *Id.*
6 *Id.* at 1–2.
7 *Id.* at 2.
8 R. Doc. 3-2.
9 R. Doc. 1 at 4.
10 *Id.* at 5.
11 *Id.*

Eighth, and Fourteenth Amendments of the United States Constitution.[12] Bordelon seeks a temporary restraining order preventing the Parish from entering his property or conducting enforcement actions on the adjoining properties.[13] He also seeks the return of his property and punitive damages.[14]

On August 4, 2026, the Parish filed this motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).[15] The Parish claims that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction.[16] Bordelon has not responded to the motion. The Court considers the motion below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v.*

12 *Id.* at 3.
13 *Id.* at 5.
14 *Id.*
15 R. Doc. 3.
16 *Id.* at 1.

*HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## III. DISCUSSION

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court clarified that the *Rooker-Feldman* doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In such cases, federal courts lack subject matter jurisdiction. *Id.*

Further, the *Rooker-Feldman* doctrine is not limited to claims that were actually raised in state court. "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16).

Here, the Parish argues that Bordelon's claims are inextricably intertwined with the state court judgment on Bordelon's nuisance claim.[17] It asserts that Bordelon is attempting to collaterally attack the state court judgment by alleging that the Parish improperly executed the judgment.[18]

The Court finds that the *Rooker-Feldman* doctrine bars review of Bordelon's claims. Bordelon's claims are inextricably intertwined with the state court judgment because they attack the Parish's execution of the state court judgment. The Fifth Circuit has held that such claims are "inextricably intertwined" with the state court judgment because they arise "solely from the state court litigation." *Flores v. Citizens State Bank of Roma, Tex.*, 132 F.3d 1457, 1457 (5th Cir. 1997) (per curiam); *see also Morris v. Am.*

---

17 *Id.*
18 *Id.* at 3.

*Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (per curiam) (finding claims barred by *Rooker-Feldman* where plaintiff's injuries were "caused by the state court judgments"). And this Court has applied *Rooker-Feldman* to claims regarding the manner of execution of a state court judgment. *Davila v. PennyMac Loan Servs., LLC*, 2025 WL 1742285, at *2 (E.D. La. June 24, 2025). Bordelon seeks a temporary restraining order preventing the Parish from entering the property and conducting enforcement actions, but that is precisely what the state court judgment authorized.[19] The *Rooker-Feldman* doctrine squarely bars such a claim. Thus, the Court lacks jurisdiction over Bordelon's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 9th day of September, 2026.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

19 R. Doc. 3-3 at 2.